IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATONYA BRYANT AND STEVEN BRYANT | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:19-cv-03675 |
| LIBERTY INSURANCE CORPORATION | § § § | (JURY) |
| Defendant. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Mutual Fire Insurance Company ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 234th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.   Introduction**

1.   Plaintiffs Latonya and Steven Bryant ("Plaintiffs") commenced this lawsuit against Defendant in the 234th District Court of Harris County, Texas by filing their Original Petition on or about July 24, 2019.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A."  Plaintiffs served the Original Petition on Defendant Liberty Mutual Fire Insurance Company on August 30, 2019.  See proof of date of service attached as Exhibit "A."  A true and correct copy of Defendant's Answer to Plaintiffs' Original Petition, Defendant's Special

Exceptions to Plaintiffs' Original Petition, and Defendant's Jury Demand filed on September 20, 2019 is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act (DTPA), and breach of the duty of good faith and fair dealing resulting from the alleged conduct of Defendant. Plaintiffs' claims arise under a homeowner's policy of insurance issued by Defendant on real property owned by Plaintiffs, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey on or about August 27, 2017.

**B.     Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiffs are citizens of the State of Texas. Liberty Mutual Fire Insurance Company is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Wausau, Wisconsin.

6. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, Plaintiffs state in ¶ 64 of their Original Petition that they "seek monetary relief of not more than $100,000." However, they fail to include a stipulation

or affidavit to that effect.  The face of the Plaintiffs' pleading will not control if made in bad faith.  The inquiry does not end merely because the Plaintiffs allege damages below the threshold.  Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  To meet this obligation, Plaintiffs must file a binding stipulation or affidavit regarding those damages with their complaint.  *Id.   See also Abascal v. United Prop. & Cas. Ins. Co.,* No. 4:18-CV-03930, 2019 WL 3229174 at *2 (S.D. Tex. Jul. 18, 2019)*; Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006).  Here, Plaintiffs have not filed the necessary stipulation or affidavit.  Therefore, the statement in the Petition which claims that Plaintiffs may be seeking damages under $75,000.00 is of no merit or significance.  *See also Abascal v. United Prop. & Cas. Ins. Co.,* No. 4:18-CV-03930, 2019 WL 3229174 at *2 (S.D. Tex. Jul. 18, 2019).  In fact, that same statement also indicates that Plaintiffs may be seeking monetary relief over $75,000.

7. If a Defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the Plaintiffs must be able to show that, as a matter of law, it is certain that they will not be able to recover more than the damages for which they have prayed in the state court complaint.  *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

8. To support the allegation that the amount in controversy exceeds $75,000.00, the Defendant may rely on an estimation of damages calculated from the allegations in the complaint.  *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  The Defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence.  *De Aguilar,* 11 F.3d at 58.  If the court finds it necessary to consider additional information, items to be considered

in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

9. Although Plaintiffs do not specify the amount of their economic damages in the Original Petition, they served a DTPA Notice Letter to Defendant dated May 31, 2019 stating that Plaintiffs' economic damages are $24,856.54. See copy of Plaintiffs' DTPA Notice Letter attached as Exhibit "C." In addition, Plaintiffs' Original Petition and/or DTPA Notice Letter state that they intend to seek the following:

(a) Exemplary, punitive, and treble damages under the DTPA. (See Ex. A, Plaintiffs' Original Petition, at p.8, ¶¶ 53 and 55, p.9, ¶ 61 and Ex. C at p.3).

(b) Attorney's fees which could ultimately range from $10,000 to $15,000. (See Ex. C at p. 4);

(c) Additional unspecified damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code. (See Ex. A at p.9, ¶ 59);

(d) Damages for emotional distress. (See Ex. A at p.8, ¶ 52);

10. Here, Plaintiffs are suing for benefits afforded to them under the homeowner's insurance policy issued by Defendant, which provides $120,700.00 in coverage to Plaintiffs' property. *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "D." In any first party insurance action, the amount of contract damages can be up to the insured amount. It is clear the types of damages Plaintiffs are seeking, when considered jointly,

put them well above the jurisdictional minimum.  Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.  Treble damages based on Plaintiffs' alleged economic damages of $24,856.54 is $74,569.62.  That amount plus Plaintiff's $2,400[1] in attorney's fees as of May 31, 2019 puts Plaintiffs' damages above $75,000.  As stated above, Plaintiffs also seek exemplary damages, unspecified additional damages, damages for emotional distress, and attorney's fees which they believe will ultimately range between $10,000 to $15,000.

11.  Plaintiffs also assert Defendant violated the Prompt Payment of Claims Act under the Texas Insurance Code § 542.060.  Recovery under this statute is subject to a penalty for late payment calculated at 18% per year.  This is separate and apart from simple pre- and post-judgment interest.  Two years of 18% interest of the actual damages of $24,856.54 amounts to $8,948.35.

12.  As shown below, the amount in controversy far exceeds $75,000.00.  This does not take into consideration the unspecified additional damages alleged by Plaintiff.

| Claim for Damages | Plaintiff's Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $24,856.54 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $74,569.62 |
| 18% interest for violations of the Insurance Code | $8,948.35 for two years |
| Attorney's Fees | $15,000.00 |
| Mental Anguish/Emotional Distress | $24,856.54 (assuming an award of at least actual damages is requested) |

---

[1] See Ex. C at p.4.

|                     |                                |
|---------------------|--------------------------------|
| Additional Damages  | Unknown                        |
| **Total To Date:**  | **At a minimum of $148,231.05** |

13. For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

14. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

15. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 234th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

17. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

18. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

19. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Mutual Fire Insurance Company hereby removes the above-captioned matter, now pending in the 234th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

  /s/   *J. Mark Kressenberg*_____
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Teresa E. Porter
Tporter@sheehyware.com
Fed. Adm. No. 3070355
Texas State Bar No. 24076631
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
713-951-1000  ♦  713-951-1199 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on September 26, 2019 to the following counsel of record:

Shane McClelland
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
(713) 987-7107
(832) 827-4207 (facsimile)
shane@hmtrial.com

  /s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg

3578256